UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY VIVERETTE, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:24-CV-190-CCB-SJF |
| PORTER COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Roy Viverette, a prisoner without a lawyer, filed a complaint against two defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Viverette, who is housed at the Porter County Jail, alleges that, on December 1, 2023, at about 8:00 a.m., he slipped on water that was leaking from the jail's ceiling and injured his back. ECF 1 at 1-2. Custody and nursing staff were notified about his fall, but he did not receive medical treatment until eight hours later. *Id.* at 2. An x-ray was taken of his back, but he was not given any pain medication. *Id.* Viverette contends he did not receive adequate medical care for his back injury. *Id.* He also asserts that the jail

has been notified about the water leaking from the ceiling, but has not taken the necessary steps to repair it. *Id*. at 2-3.

In this case, Viverette initially sues the Porter County Jail. However, the jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because Porter County Jail is not a suable entity, he may not proceed against it.

Viverette has also sued Quality Correctional Care[1], the private company that staffs the medical unit at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). Viverette does not allege that Quality Correctional Care has an unconstitutional policy or custom that caused his injury. Therefore, he may not proceed against Quality Correctional Care.

This complaint does not state a claim for which relief can be granted. If Viverette believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil

---

[1] In his complaint, Viverette misspells Quality Correctional Care as Qualty Correctiunat. ECF 1.

2

cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Roy Viverette until **January 15, 2025**, to file an amended complaint; and

(2) CAUTIONS Roy Viverette that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 16, 2024

                                                 s/ Cristal C. Brisco
                                                 JUDGE
                                                 UNITED STATES DISTRICT COURT